The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The North Carolina Industrial Commission is constituted a Court to hear de novo the within controversy under the provisions of 115C-338(b) of the General Statutes of North Carolina in accordance with its usual procedures in hearing claims under the Workers' Compensation Act.
2. On November 2, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
5. That the plaintiff sustained a violent injury by accident arising out of and in the course of the employment with the defendant on November 2, 1994.
6. On said date the plaintiff was earning a full salary at an average weekly wage of $827.65.
7. That the issues to be determined in this case are:
 a. Is the plaintiff entitled to be compensated at 100% of her salary subsequent to November 6, 1995; and,
b. If so, for what period of time.
8. The parties further stipulate into evidence an agreement of stipulated facts with attachments dated July 1996.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
FINDINGS OF FACT
1. On November 2, 1994, the plaintiff, who was 52 years of age and who had been employed by the defendant approximately 23 years, was employed by the defendant as a school teacher.
2. On November 2, 1994 while performing the duties of her employment as a teacher and while she was attempting to bring order among some of the younger children at the school where she was employed, she was violently struck about her ankles with a bookbag being swung by one of the students causing the plaintiff to fall to her hands and knees, injuring her right knee.
3. Subsequent to November 2, 1994, the plaintiff experienced physical discomfort with respect to her right knee as a result of which she underwent the medical procedure of arthroscopy in January of 1995 and again in October of 1995, all as the result of the violent injury she sustained on November 2, 1994.
4. As the result of the said violent injury of November 2, 1994, the plaintiff has lost time from work for which she has been compensated by the defendant for the periods and in the amounts as follows:
 a. From January 9, 1995 through January 31, 1995, from February 6, 1995 through February 8, 1995, April 4, 1995, and from October 9, 1995 through November 8, 1995, during which periods totaling 57 days she has been paid her full salary or total average weekly wage of $827.65.
 b. From November 8, 1995, the plaintiff has been paid by the defendant the applicable compensation rate of $478.00.
5. On November 2, 1994, the plaintiff suffered a compensable injury by violent means while she was performing the duties of her employment.
6. The plaintiff was earning an average weekly wage of $827.65 on November 2, 1994 which generated a maximum compensation rate of $478.00.
7. Plaintiff has not returned to work since October 6, 1995 due to the fact that her disability continues and she is unable to engage in her employment because of her injury.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On November 2, 1994, the plaintiff sustained a violent injury by accident arising out of and in the course of her employment with the defendant resulting in injury to her right knee. N.C. Gen. Stat. § 115C-338.
2. Since under the provisions of N.C. Gen. Stat. § 115C-338
the plaintiff is entitled to receive her full salary during the shortest of the following periods: "one year, the continuation of his disability, or the time during which he is unable to engage in his employment because of injury," under the facts of this case the shortest period is "one year." Therefore, one year being commonly and usually defined as "twelve consecutive months," plaintiff is entitled to full salary only for the twelve months following her injury on November 2, 1994. Thereafter, she is entitled to compensation at the weekly workers' compensation rate of $466.00, the maximum compensation rate allowed by law for injuries occurring on November 2, 1994.
3. The defendant is entitled to a credit for the full wages paid to the plaintiff subsequent to November 1, 1995 against the compensation herein awarded.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff is not entitled to be compensated at full wages subsequent to November 1, 1995.
2. The defendant is allowed a credit for full wages paid to the plaintiff subsequent to November 1, 1995 against the compensation herein awarded for the applicable periods.
3. An attorney's fee of 25 percent of the compensation herein allowed, subsequent to deducting the credit herein allowed, is hereby approved and awarded to David McRae for his services to the plaintiff and shall be deducted from the compensation above-provided and paid directly to said attorney.
Each side shall bear its own costs.
 S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ MORGAN CHAPMAN DEPUTY COMMISSIONER
S/ _________________ KIM CRAMER DEPUTY COMMISSIONER
DCS:bjp